DAVID T. MALOOF
KIPP C. LELAND
MALOOF & BROWNE LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE INC,

                           *Plaintiff,*

        - against -

ORIENT OVERSEAS CONTAINER LINE
LIMITED, trading as ORIENT OVERSEAS
CONTAINER LINE,

                          *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Index No.: 22-2502**

**COMPLAINT**

        Plaintiff Sompo Japan Insurance Inc. (hereinafter "Plaintiff" or "Sompo") by its

undersigned attorneys, Maloof & Browne LLC, for its Complaint, alleges on information and

belief as follows:

**GENERAL ALLEGATIONS**
**APPLICABLE TO ALL CAUSES OF ACTION**

**JURISDICTION, VENUE AND PARTIES**

        1.     This Court has subject matter jurisdiction as the claims arise under the

Court's maritime jurisdiction pursuant to 28 U.S.C. section 1333 and supplemental jurisdiction

pursuant to 28 U.S.C. § 1367.

        2.     At all times material hereto, Plaintiff was and is a corporation existing

under and by virtue of the laws of Japan with its principal place of business at 26-1,Nishi-

Shinjuku 1-chome, Shinjuku-ku, Tokyo 160-8338, Japan, and who insured nonparty Canon U.S.A., Inc. and its corporate affiliates (hereinafter "Canon"), the owner of the Shipment which is the subject matter of this action.

3.      Defendant Orient Overseas Container Line Limited, trading as Orient Overseas Container Line (hereinafter "OOCL" or "Defendant") is a corporation or other business entity organized and existing under and by virtue of the laws of Hong Kong with agent offices located throughout the U.S. including the State of New York, and is engaged in business as a common carrier of merchandise by water for hire, and does business in the State of New York and in this District through its general agent, OOCL (USA) Inc., which is located at Wall Street Plaza, 88 Pine Street, 17th Floor, New York, NY 10005.

4.      Venue is proper here within the applicable maritime legal precedents and/or within the meaning of 28 U.S.C. § 1391(b) and specific jurisdiction exists over the Defendant because the Defendant has its affiliated U.S. offices in this District, and the Defendant has agreed to suit in the United States District Court for the Southern District of New York with respect to the specific shipment pled herein. The Southern District of New York is the most convenient forum because several important witnesses are located in this District.

<u>**THE SHIPMENT**</u>

5.      On or about March 5, 2021 there was shipped by Canon and delivered to Defendant OOCL in the Port of Tokyo, Japan, a consignment consisting of Canon Products, then being in good order and condition (the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendant OOCL agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of the Shipment by ocean vessel to the Port of Los Angeles, California, and then to continue by rail to Chicago, Illinois,

USA, and there deliver the Shipment to Plaintiff's insured or its designee in the same good order and condition as when received.  The Shipment is described in the Bill of Lading issued by OOCL bearing number OOLU4109500210 dated March 5, 2021, and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

6.     The Shipment was stolen in or near Los Angeles County, California off of a BNSF Railway train, while outside of the ocean terminal and moving under the OOCL Bill of Lading.  Therefore, the Shipment was not delivered at destination in the same good order and condition as received, but on the contrary, a significant portion of the Shipment was found to be missing and damaged at destination, all in violation of Defendant OOCL's obligations as a carrier and/or broker and/or forwarder and/or otherwise.

7.     Plaintiff Sompo insured the Shipment against loss and damage. By reason of the loss described above, Plaintiff Sompo was obliged to pay and actually paid the claim to Canon, the shipper and owner of the consignment, and incurred substantial additional other expenses, for which Defendant OOCL is legally liable. Plaintiff brings this action on its own behalf and as agent or trustee on behalf of all parties who may be or become interested in the subject Shipment as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

8.     Plaintiff Sompo has standing to sue OOCL pursuant to an assignment and waiver received from nonparty Nippon Express Co. Ltd. ("Nippon"), the transportation intermediary who arranged transportation of the Shipment with OOCL on Canon's behalf, and Plaintiff Sompo has full authority to assert any and all rights that Nippon has, or may have, against OOCL with respect to the Shipment.

9.     Plaintiff Sompo and its assured have performed all conditions on their

parts to be performed.

10.     By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid, although duly demanded, in a sum estimated to be up to or exceeding U.S. $200,000.00.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT
### AND/OR DUTIES UNDER COGSA
### AND/OR THE HARTER ACT, 49 U.S.C. § 30701

11.     Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

12.     By reason of the foregoing, the Defendant OOCL was a common carrier of merchandise by water for hire, and/or otherwise was a carrier of merchandise and/or freight forwarder and/or broker and breached its duties as such under the Carriage of Goods by Sea Act and/or the Harter Act, 46 U.S.C. § 30701, 49 Stat. 1207, and/or other applicable laws and/or under the applicable transportation contracts.

13.     By reason of the foregoing, the Defendant OOCL has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $200,000.00.

### SECOND CAUSE OF ACTION

### BREACH OF AGENCY
### OBLIGATIONS AND/OR FIDUCIARY DUTY

14.     Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

15.     The Defendant OOCL, pursuant to its bill of lading covering the transportation of the Shipment at issue ("OOCL BL Terms"), agreed to act as agent for Canon,

and under said agency obligation, had a fiduciary relationship and duty to properly procure for Canon such inland transportation of the Shipment as is necessary to fully protect its rights while the Shipment was being carried from Los Angeles to its final destination in Chicago, Illinois.

16.     The Defendant OOCL, pursuant to the OOCL BL Terms, agreed to procure such inland transportation from inland carriers in accordance with the usual terms, conditions and tariff(s) of the inland carriers servicing that transportation route.

17.     The Defendant OOCL performed its agency obligation insofar as it procured inland transportation of the Shipment for Canon from Los Angeles, California to Chicago, Illinois by rail from nonparty BNSF Railway (hereinafter "BNSF").

18.     BNSF's usual terms, conditions and tariff provisions for carriage of cargoes of the same type as the Shipment from Los Angeles, California to Chicago, Illinois provide for a limitation of liability of $200,000.00.

19.     BNSF's $200,000 limit of liability is well known in the transportation industry.

20.     The Shipment was pilfered while outside of the sea-terminal, and while in the custody of BNSF, in or near Los Angeles County, California, causing loss and damage to the Shipment.

21.     After the Shipment (or its remains) was delivered to its destination in Chicago, Illinois, it was discovered that Defendant OOCL breached its duties and responsibilities as agent for Canon as set forth in the applicable transportation contract, including, *inter alia*, the following:

    a.     OOCL did not procure transportation for the Shipment from BNSF in accordance with the usual terms, conditions and tariff(s) of BNSF;

b.      OOCL did not procure transportation from BNSF pursuant to BNSF's well known $200,000 limit of liability, but rather at a dramatically lower limit of liability; and

c.      OOCL otherwise failed to properly act as agent for Canon with respect to booking the Shipment for transportation with BNSF in accordance with the usual terms, conditions and tariff(s) of BNSF, such that Canon has not yet, and might not ever, recover from BNSF any amount for the loss and damage to the Shipment, much less the full amount (up to BNSF's usual and well-known $200,000 limit) in accordance with BNSF's usual terms, conditions and tariff.

22.      By reason of the foregoing, the Defendant OOCL has breached its agency duties and obligations to Canon.

23.      By reason of the foregoing, the Defendant OOCL has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $200,000.00.

## THIRD CAUSE OF ACTION

## NEGLIGENCE/GROSS NEGLIGENCE

24.      Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

25.      The Defendant OOCL, by its negligence and/or gross negligence, including its negligent entrustment/failure to carefully select its subcontractors, caused the damage to the Shipment.  The facts indicate that Defendant or its sub-contractors may also well have failed to use reasonable care in handling the Shipment and/or in other ways which will be elucidated in discovery.  The Defendant OOCL therefore improperly failed to deliver the

Shipment to the consignee, or its designee, in as good condition as when entrusted to it.

26.     By reason of the foregoing, the Defendant OOCL has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $200,000.00.

WHEREOF, Plaintiff prays:

1.     That process in due form of law may issue against the Defendant OOCL citing it to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendant OOCL on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, costs and the disbursements of this action;

3.     That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  Rye, New York
        March 28, 2022

MALOOF & BROWNE LLC

By:  s/ David T. Maloof
    David T. Maloof, Esq.
    Kipp C. Leland, Esq.
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mails: dmaloof@maloofandbrowne.com
        kleland@maloofandbrowne.com

*Attorneys for Plaintiff*

F:\WP-DOCS\2507.54\Pleadings\OOCL\032822 DRAFT 6 SDNY Complaint.doc